UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FELICIA D. SHEPHERD,<br>Plaintiff | §<br>§<br>§ | |
| VS. | § | CASE NO. 1:16-CV-486 |
| | §<br>§ | |
| NANCY A. BERRYHILL[1],<br>Commissioner of Social Security<br>Defendant. | §<br>§<br>§ | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the court affirm the Commissioner's decision.

The court considered the report and recommendation filed on December 11, 2017 (Doc. No. 17) and the Plaintiff's objections filed on December 22, 2017 (Doc. No. 18). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410

---

1. Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g), she is automatically substituted as a party.

n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

In her objections, Shepherd essentially reasserts the arguments made in her brief. (Doc. No. 18.) She argues that ALJ Howard failed to properly consider functional limitations with regard to her edema. Specifically, she states that ALJ Howard substituted his own medical opinion by limiting Shepherd's RFC to walking around her work station for three to four minutes every hour, and this limitation does not adequately relieve her edema. She contends twice that there is no evidence that this is a sufficient limitation. Judge Hawthorn noted that ALJ Howard thoroughly discussed all instances of edema, or lack thereof, in his RFC analysis. Further, it is Shepherd's burden at step four (RFC), and there is no medical evidence in the record that supports a more restrictive limitation than the one given by ALJ Howard. *See Ward v. Barnhart*, 192 F. App'x 305, 307 (5th Cir. 2006). Consequently, the Court finds that this objection is without merit.

In addition, Shepherd argues that ALJ Howard erred in failing to include all of the postural and manipulative limitations recommended by Dr. Nickalaus Gamze, the consulting examiner, in the RFC. Judge Hawthorn thoroughly discussed why the RFC was supported by substantial evidence, including analyzing Dr. Gamze's opinion, the contrary state agency medical consultants' opinions, Dr. Robert Smiley's opinion, plaintiff's testimony, and the objective medical evidence. There was no treating doctor opinion regarding Shepherd's limitations to work, but ALJ Howard weighed all of the available medical evidence, resolved the conflicts in the evidence, and made an assessment, which gave Dr. Gamze only some weight. An ALJ is not required to give an explanation for not adopting each and every limitation in his RFC. *See Santos v. Colvin*, No. 1:15-CV-230-BL, 2016 WL 4442807, at *5 (N.D. Tex. Aug. 19, 2016) ("the Fifth Circuit has held that an ALJ need

not list specifically evidence accepted and rejected when making the decision.") (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)).

Further, in the alternative, Judge Hawthorn noted that the job of surveillance system monitor was recommended by both vocational experts at the original and supplemental hearing, and this alternative job would accommodate all of the limitations argued by Shepherd leaving any error by ALJ Howard harmless. *See Whitney v. Astrue,* No. CIVA08-1855, 2010 WL 1033205, at *4 (W.D. La. Mar. 18, 2010) (omitting RFC limitation harmless where ALJ substantially incorporated these additional limitations in a hypothetical to the vocational expert). Shepherd argues that the job of surveillance system monitor is a skilled job that she's unable to do. The Dictionary of Occupational Titles designates the job of surveillance system monitor[2] as an unskilled job. DICOT 379.367-010, 1991 WL 673244 (1991). However, Shepherd contends that Social Security Ruling 83-10 states that jobs that involve protecting persons or property against damage or loss constitute semi-skilled work activity, so there is a conflict, and the court should defer to the regulation.

Ruling 83-10 states that "[s]emiskilled jobs *may require* alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; *or tending or guarding equipment, property, material, or persons against loss, damage or injury*; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work." The Medical Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 (1983) (emphasis added). This ruling states "may require," because it is giving a general description of what some semiskilled jobs may include. It is not directly addressing the job of surveillance system

---

2. The DOT states that the job of surveillance system monitor "[m]onitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action." DICOT 379.367-010, 1991 WL 673244 (1991).

monitor. Further, this appendix of guidelines, also known as "the grids," is primarily used to determine disability if a claimant has an RFC to perform a full range of sedentary, light, or medium work, as opposed to a claimant with additional limitations, which requires vocational expert testimony. *See Trevino v. Astrue*, No. CIVA B-08-152, 2009 WL 2886317, at *5 (S.D. Tex. Sept. 4, 2009) ("The grids are generally a 'shortcut that eliminates the need for calling in vocational experts.' Not all impairments match the grids. The guidelines apply only when all of the claimant's qualifications match those listed in the guidelines exactly.").

Moreover, Shepherd's attorney had the opportunity at the hearing to object to the VE's responses and cross examine the VE regarding alleged deficiencies in his responses. (Tr. 58, 80.) However, Shepherd's attorney chose not to ask the VE any questions on cross-examination, and has thus waived her right to object to this job. (*Id.*); *see Carey v. Apfel*, 230 F.3d 131, 146–147 (5th Cir. 2000) (a claimant is not permitted to scan the record for implied or unexplained conflicts in the specific testimony of an expert witness, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development at the administrative hearing). As a result, the Court finds that this objection is also without merit.

The Court has conducted a *de novo* review of the purported objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful review, the Court concludes that the Plaintiff's objections are without merit. Accordingly, the Court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the

Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED** this the **12** day of **January, 2018.**

_____
Thad Heartfield
United States District Judge